USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/14/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA,

          -against-

AMAL SAID SAID ALAM SHAH,

          Defendant.
--------------------------------------------------------X

15-CR-235 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Amal Said Said Alam Shah ("Said"), proceeding *pro se*, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 148.) Said argues that he should be released because: (1) he suffers from certain medical conditions; (2) he is experiencing family hardship, namely the "poor health of [his] mother . . . and that of his wife"; and (3) the "punitive conditions" as a result of modified operations at his detention facility warrant early release. (*Id.* at 4–7.) He also contends that the 18 U.S.C. § 3553(a) sentencing factors support release. (*Id.* at 7–8.) The Government opposes Said's motion. (Gov't Opp'n, ECF No. 150.) For the reasons below, Said's motion for compassionate release is DENIED.

## BACKGROUND

On June 26, 2017, Said pleaded guilty to (1) conspiring to import at least one kilogram of heroin into the United States, and (2) distributing and attempting to distribute at least one kilogram of heroin, intending and knowing that the heroin would be imported into the United States, in violation of 21 U.S.C. §§ 959(c), 960(b)(1)(A), and 963. (J. at 1, ECF No. 137; Presentence Investigation Report ("PSR") at 1, ECF No. 136.) Specifically, Said was a member of an Afghanistan-based drug trafficking organization conspiring to import large quantities of

heroin into the U.S.  (PSR ¶¶ 14–15.)

In October 2014, Said and an associate engaged with an undercover agent from the Drug Enforcement Agency ("DEA") in Dubai, seeking to arrange a three-kilogram test shipment from the organization to be sold in the U.S.  (*Id.* ¶ 17.)  In January 2015, Said again engaged the DEA agent, discussing the heroin sample recently supplied by the organization, and stating that the organization could provide the agent with 1,000 kilograms of heroin.  (*Id.* ¶ 19.)  Said also described an Afghanistan-based heroin laboratory that he and associates used to produce heroin.  (*Id.* ¶ 19.)

In April 2015, Said met the DEA agent in Dubai to negotiate the details of an agreement for the organization to supply wholesale quantities of heroin for import into the U.S.  (*Id.* ¶ 20.)  Said agreed to meet the DEA agent in Thailand to finalize the deal, and offered to introduce the agent to a Netherlands-based narcotics trafficking contact who could supply the agent with ecstasy for import into the U.S.  (*Id.* ¶ 20–21.)  In June 2015, upon traveling to Thailand to meet with the DEA agent, Said was arrested by Thai authorities, based on the charges in this case, at the request of U.S. authorities.  (*Id.* ¶ 22.)  He waived extradition and was transferred to DEA custody on July 16, 2015 and was transported to this district that same day.  (*Id.*)

Said was sentenced to a 131-month term of imprisonment, below the Sentencing Guidelines range of 188 to 235 months, on September 17, 2018.  (J. at 3; *see also* Sent'g Tr. 20:14–17, ECF No. 143.)  The Second Circuit affirmed Said's conviction on November 27, 2019.  (ECF No. 147.)  He is currently incarcerated at Federal Correctional Institution ("FCI") Loretto, and his projected release date is November 3, 2024.

Said states that he requested compassionate release from the Warden of FCI Loretto in April 2022.  (Def.'s Mot. at 3.)  On April 26, 2022, the Warden denied his request.  (Gov't

Opp'n, Ex. B.) Said submitted the instant motion on August 23, 2022. (Def.'s Mot. at 9.) In his motion, Said argues that he should be released because: (1) he suffers from certain medical conditions; (2) he is experiencing family hardship, namely the "poor health of [his] mother . . . and that of his wife"; and (3) the "punitive conditions" as a result of modified operations at his detention facility warrant early release. (*Id.* at 4–7.) The Government opposes early release. (*See* Gov't Opp'n.)

## LEGAL STANDARD

Section 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391 (Dec. 21, 2018), authorizes a court to reduce a defendant's term of imprisonment upon motion of the Director of the Bureau of Prisons ("BOP") or upon motion of the defendant. A court may reduce a defendant's sentence only "if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A). Three requirements must be met before a court grants such relief.

First, absent waiver or forfeiture by the Government, a petitioner must "fully exhaust[] all administrative" remedies in requesting relief from the BOP. *Id.*; *see also United States v. Saladino*, 7 F.4th 120, 124 (2d Cir. 2021). Second, a petitioner must show that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), "and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). The Second Circuit has held that, pursuant to the First Step Act's revision of the compassionate release statute, district courts have "broad" discretion in determining what facts constitute "extraordinary and compelling reasons" justifying release. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Accordingly, a court is not limited to those circumstances specified in the Sentencing Commission Guidelines, and may consider

3

"the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it]." *Id.* Third, a court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable[.]" 18 U.S.C. § 3582(c)(1)(A). These factors include, of particular relevance here, "the nature and circumstances of the offense" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a).

## DISCUSSION

The Government does not dispute that Said has exhausted his administrative remedies. (Gov't Opp'n at 10.) Accordingly, early release pursuant to § 3582(c)(1)(A) depends on whether Said has established that: (1) there is an "extraordinary and compelling" reason for his release, and (2) the § 3553(a) sentencing factors support release.

**I.      Said Has Not Established an "Extraordinary and Compelling" Reason for Release**

Said argues that there are extraordinary and compelling reasons for release on account of his medical conditions, family hardship, and the conditions of his incarceration. As described in more detail below, however, these arguments are not persuasive.

The record does not establish that Said's health concerns rise to the level of an "extraordinary and compelling" reason for early release. Said states that he has been diagnosed with "depressive disorder, hyperlipemia, hypothyroidism, polyneuropathy/[lumbago], and prediabetes." (Def.'s Mot. at 4.) Although these conditions may be chronic, there is no indication the BOP has failed to address Said's medical concerns. (*See* Gov't Opp'n, Ex. C.) Said's medical records reflect regular encounters with medical staff to evaluate his conditions and complaints, and it appears that he has been prescribed a variety of medications accordingly. (*Id.*) Moreover, none of the conditions Said describes is "a specific life-ending or debilitating

4

illness with a predictable, dire short-term prognosis" that would warrant immediate release. *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020) (Caproni, J.).

      Said has also not established an extraordinary and compelling reason for release on the basis of alleged family hardship.  He states that his mother and his wife are in "poor health" and that "their health has declined as they have struggled to seek medical attention and care for the children." (Def.'s Mot. at 5.)  The Court, however, expressly acknowledged his family's difficult circumstances and their need for him in imposing a below-Guidelines sentence. (Sent'g Tr. 19:11–20:9.)  In addition, Said has not established that he is the only available caregiver for a family member in dire conditions. *See, e.g.*, *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) (Failla, J.) ("The animating principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver.").  Therefore, the Court declines to reduce his sentence further on the basis of his family circumstances.

      Finally, as for Said's argument regarding prison conditions, the Court is not persuaded that Said has established a basis for early release.  Said states that his facility has been under modified operations since March 2020, in which movement has been more limited, visitation has been sometimes cancelled, and there is less frequent programming and access to the law library. (Def.'s Mot. at 6.)  Prison conditions implemented in response to the pandemic, which the Court acknowledges are difficult, that are applicable to all inmates at a given facility are not of the type that courts have found warrant early release. *See, e.g.*, *United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 329–30 (S.D.N.Y. 2020) (Rakoff, J.).  Moreover, the modified operations at FCI Loretto have been implemented to reduce the risk of COVID-19 infection. *See* COVID-19

Modified Operations Plan & Matrix, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited Mar. 14, 2023).

In addition, to the extent Said has expressed a concern regarding COVID-19, this concern, while certainly valid, does not warrant compassionate release. Said's medical records show that he has successfully recovered from a coronavirus infection and that he has been fully vaccinated against COVID-19 and received a booster dose in March 2022. (Gov't Opp'n, Ex. C.) *See also* COVID-19 Vaccine Immunization Schedule for Persons 18 Years of Age, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/vaccines/covid19/downloads/COVID-19-immunization-schedule-ages-6months-older.pdf (last visited Mar. 14, 2023). Courts in this district have generally found that defendants who are fully vaccinated and have received a booster dose have "significant protection against serious illness or death should [they] contract COVID-19" and have denied early release in such cases. *See, e.g.*, *United States v. Sosa*, No. 14-CR-468, 2022 WL 1690833, at *3-4 (S.D.N.Y. May 26, 2022) (Torres, J.). Accordingly, Said has not established an "extraordinary and compelling" basis for early release.

## II.     The Section 3553(a) Factors Weigh Against Release

The Section 3553(a) sentencing factors do not support early release. As the Court stated at sentencing, Said's "crime was extraordinarily serious. If 100 kilograms of heroin had entered this country, it would have ruined many lives, and illegal narcotics are a scourge on our country." (Sent'g Tr. 18:15–18.) The Court also stated that it "believe[d] that a fair amount of his testimony [at Said's *Fatico* hearing] was fabricated," which was "concern[ing] with respect to respect for the law and individual deterrence." (*Id.* 19:2–5.) In addition, the Court acknowledged the need for Said's sentence to provide general deterrence. (*Id.* 20:10–13.)

The Court imposed a sentence well below the Guidelines range, stating that it "believe[d] that [Said's] sentence is the lowest possible sentence that [he] deserves and gives him enormous

credit for the need his family has for him to get back to them." (*Id.* 20:7–9.) Moreover, the Court already declined to "give Mr. Said a three-level enhancement for his role in the offense." (*Id.* 18:7–9.) Therefore, while the Court commends Said for his efforts to maintain good conduct while incarcerated, the Court finds that a further reduction of his sentence is not warranted at this time.

Because Said has not established a "extraordinary and compelling" reason, and because the § 3553 factors weigh against release, his motion pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

## CONCLUSION

For the reasons stated above, Said's motion pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

The Clerk is respectfully directed to close the motion at ECF No. 148.

SO ORDERED.

Dated: New York, New York  
March 14, 2023

                                                      */s/ Kimba M. Wood*  
                                                      KIMBA M. WOOD  
                                                 United States District Judge