USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 20, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

AMAL SAID SAID ALAM SHAH,

                Defendant.

15-CR-235 (KMW)

ORDER

KIMBA M. WOOD, United States District Judge:

On September 17, 2018, Amal Said Said Alam Shah ("the Defendant") was sentenced principally to a term of imprisonment of 131 months. (J. at 3, ECF No. 137.) On November 7, 2023, the Defendant filed a motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] (Def.'s Mot., ECF No. 164.)

Pursuant to Section 3582(c)(2), a court may reduce a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the [Section 3553(a) factors,] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A court may not reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range."[2] U.S.S.G. § 1B.10(b)(2)(A) & cmt. n.3.

Effective November 1, 2023, in its Amendment 821, the United States Sentencing Commission ("Sentencing Commission") amended the United States Sentencing Guidelines

---

[1] Defendant does not cite Section 3582(c)(2) in his motion. The Court construes his motion as being brought pursuant to Section 3582(c)(2) because it is the proper mechanism for obtaining a sentence reduction in this case.

[2] There is an exception to this limitation for defendants who have provided substantial assistance to the Government, but that exception is not relevant here. See U.S.S.G. § 1B.10(b)(2)(B) & cmt. n.3.

Manual. As relevant here, Part B amends Guidelines § 4C1.1, by providing a 2-level offense level reduction for offenders with zero (0) criminal history points who meet specified eligibility criteria.

On December 1, 2023, the United States Probation Department ("Probation") issued a report stating that the Defendant is eligible for a recalculation of his Guideline range because he is an offender with zero criminal history points, and meets the specified eligibility criteria listed in U.S.S.G. § 4C1.1. (Suppl. Presentence Investigation Report ("Suppl. PSR") at 3-4, ECF No. 165.) The Defendant's original Guideline range was 188 to 235 months' imprisonment, based on an offense level of 36 and a criminal history category of I. The Amendment lowers Defendant's Guideline range by two levels, resulting in an offense level of 34 and a criminal history category of I, and thus a Guideline range of 151 to 188 months' imprisonment. (*Id.*) However, Defendant is not eligible for a sentence reduction because the Defendant's original sentence of 131 months' imprisonment is below his reduced Guideline range of 151 to 188 months' imprisonment. (*Id.*)

The Court adopts Probation's calculation as to the Defendant's amended Guideline range.

The Court has considered the record in this case, and it is hereby ORDERED that the Defendant is ineligible for a reduction in his sentence pursuant to Amendment 821 because the Defendant's original sentence is below his reduced Guideline range. Defendant's motion is denied.

SO ORDERED.

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge

Dated: February 20, 2024
      New York, New York